ORIGINAL

cc: RLP

Estelita T. Terrado
P.O. BOX 63156
Ewa Beach, Hi 96706
Ph. (808) 780-2600

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 14 2018

at 2 o'clock and 58 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| Estelita T. Terrado, </br></br> Plaintiff, </br></br> vs. </br></br> U.S. BANK NATIONAL ASSOCIATION et al., </br> , </br> Defendants. | CIVIL NO. 1:2018-CV-00148-DKW-RLP </br> EX PARTE </br> MOTION FOR THE COURT TO REVIEW </br> THE FRCP RULE 4 (h) (1)(A), (B) AND </br> TO USE COMMON SENSE. |

## MOTION FOR THE COURT TO REVIEW THE FRCP RULE 4 (h) (1)(A),(B) AND TO USE COMMON SENSE

Comes now the plaintiff Estelita T. Terrado (herein after "Plaintiff") hereby ask this court to view the Federal Court rule 4(h)(1)(A) and (B) which does not require an affidavit of the United States Postal service employee that served the defendant. It that is this courts intention, then the plaintiff would have to fly to Cincinnati, Ohio, to have the U.S. postal agent who served the defendant sign and affidavit that he served the defendant in this case. This solution by the court amounts to reductio ad absurdum, this court should've ordered the plaintiff to fly to Cincinnati to effect service of process.

The State of Hawaii Statute HRS § 634-24 *Service outside the State or by registered mail.*

 *[(a)] In any case in which, under section 634-23, provision is made for service of summons as provided by this section, personal service shall be made upon the defendant wherever found or the defendant shall be served by registered or certified mail with request for a return receipt and marked deliver to addressee only, as ordered by the court. A certified copy of the order, the summons and the complaint shall be served, and the service shall be evidenced by an affidavit showing that the required papers were sent by registered or certified mail as aforesaid,* and by the receipt signed by the defendant and filed with the affidavit, ***or in the case of personal service***

1

*__by the return of the serving officer or the affidavit of any other person authorized to serve process in the place where the defendant is found or appointed by the court to make the service.__*

[(b)] The affidavit required by this section shall set forth facts based upon the personal knowledge of the affiant concerning the methods, means, and attempts made to satisfy the requirements of this section and any other pertinent facts.

The underlined portions of the above HRS statute is vague and ambiguous, and it does not require or mention that the United States Postal service employees are to submit an affidavit to certify that mail process was delivered at its destination, it would've incorporated into its statute, and if such a requirement is warranted, then it makes no sense to send it certified mail because now you have to fly/travel to the place out of state to get the U.S, postal service employee's affidavit. Realistically, does this make sense? And almost impossible to comply if you have the money to travel to the defendants' place of business, it defeats the whole process, not to mention, that should that postal employee quit/resigned how would you find him/her? It and legal statute, but it has an absurd conclusion. An affidavit should only be sent by the plaintiff filing the complaint, indicating that the U.S. Postal service served that complaint and summons as required by law. Requirements that affidavits should be submitted did not include U.S, postal employee serving certified mail. On the contrary, the federal rule 4 allows for mail to be used and makes no mention of affidavits by mail carriers, it also addresses service use in conjunction with State law for certified return receipt, but if state law is vague and ambiguous in the areas of impossibility or improbability then the doctrine of lenity should apply to let common sense prevail.

Lenity should be afforded to the Plaintiff. The U.S Supreme Court in
*Bifulco v United States*, 477 US 381 (1980) held:

("The Court has emphasized that the touchstone of the rule of lenity is statutory ambiguity. Where Congress has manifested its intention, we may not manufacture ambiguity in order to defeat that intent.")

In the case at bar, there is no mention that the U.S. postal mail carrier with the duty to serve and deliver certified/registered return receipt mail has to submit an affidavit, all others are required but U.S. mail carriers entrusted with the duty to deliver mail is paramount to the duty of the job they perform. Further, in your order filed 11/5/18, you stated that a requirement that the defendant and the person serving the complaint have to submit an affidavit. The defendant U.S. BANK NATIONAL ASSOCIATION et al., it's agent as according to law signed the returned

receipt as exhibited herein. See FRCP rule 4(h)(1)(A)(B) infra.

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule <u>4(e)(1)</u> for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an *officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant;* or

Rule 4(e)(1)

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

In the case at bar, the plaintiff did exactly what this court ordered. However, asking for the U.S. postal mail carrier in the state of Ohio to submit an affidavit is not feasible and outright absurd that creates hardship upon the plaintiff. The return receipt should hold enough weight to forgo affidavits because of the governmental sworn duties of the U.S. postal service to deliver mail, this is their creed *"Neither snow nor rain nor heat nor gloom of night stays these couriers from the swift completion of their appointed rounds"* The motto is inscribed on New York's James Farley Post Office in New York City was coined by prof. George Herbert Palmer, Harvard University.

## CONCLUSION

November 23rd is the deadline to answer the Plaintiff's complaint, the plaintiff will allow up November 30 for the Defendants to answer. The Plaintiff at that time will submit an affidavit stating that the service of process was completed. However, the plaintiff cannot produce the

3

affidavit of the U.S. postal service mail carrier agent in Ohio, as it will require the plaintiff to fly to the State of Ohio to obtain that affidavit of U.S. postal service mail carrier agent. The Plaintiff asks this court to use common sense as the U.S. postal service mail carrier agent in Ohio entrusted with that duty submits the certified return receipt in place of an affidavit, and deemed it served.

Dated: Honolulu, Hi. November 12, 2018.

Respectfully submitted,

_____
Estelita T. Terrado Plaintiff pro se