IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| ESTELITA T. TERRADO, | Case No. 18-cv-00148-DKW-RLP |
|---|---|
| Plaintiff, | **ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND, AND (2) RULING ON PLAINTIFF'S MOTIONS TO STRIKE** |
| vs. | |
| U.S. BANK NATIONAL ASSOCIATION, | |
| Defendant. | |

On July 17, 2018, Plaintiff Estelita T. Terrado, proceeding pro se, filed a First Amended Complaint (FAC) against Defendant U.S. Bank National Association ("U.S. Bank"), alleging that U.S. Bank had fraudulently and maliciously deprived her of her real and personal property and willfully caused her aunt to fall. Terrado sought the return of her real property, compensatory and punitive damages, and injunctive relief. On December 27, 2018, U.S. Bank moved to dismiss the FAC on various grounds, including the applicability of the *Rooker-Feldman* doctrine and res judicata. Because the claims and relief sought in the FAC are either barred by the *Rooker-Feldman* doctrine or because Terrado lacks standing with respect to her aunt's fall, the Motion to Dismiss is GRANTED,

1

and the FAC is DISMISSED for lack of subject matter jurisdiction. Because amendment would be futile, Terrado is not entitled to leave to amend. Terrado's motions to strike are denied or denied as moot.

## BACKGROUND

Terrado filed the FAC on July 17, 2018. Dkt. No. 16. Therein, Terrado alleged three causes of action. First, the loss of real and personal property in violation of Article I, Section 10 of the U.S. Constitution and the Fifth Amendment. Second, willful conduct causing her aunt to fall after the removal of Terrado's furniture from her home. Third, interference with a contract between her and the original bank that held a mortgage on her real property. Liberally, construing the FAC, apart from the claims brought under the Constitution, it appears that Terrado's claims sound in fraud, negligence, and tortious interference with contract. Among other things, Terrado seeks the return of her real property, compensation for any damages caused to the same and her personal property, nullification of U.S. Bank's ownership of the real property, and $7 million in punitive damages.

Summons was issued the same day as the filing of the FAC. Dkt. No. 17. On August 30, 2018, Terrado moved for entry of default. Dkt. No. 19. Soon thereafter, the U.S. Magistrate Judge assigned to this proceeding denied Terrado's

request for entry of default, explaining that Terrado had failed to follow the requirements for service by certified mail. Dkt. No. 21.[1] A week later, Terrado filed a second request for entry of default, Dkt. No. 22, which the U.S. Magistrate Judge denied for the same reasons set forth in his earlier order, Dkt. No. 23. On October 2, 2018, Terrado again moved for entry of default, Dkt. No. 24, which the Magistrate Judge, again, denied for the reasons already on the record, Dkt. No. 25. On October 15, 2018, Terrado moved for entry of default for a fourth time. Dkt. No. 26. Soon thereafter, the Magistrate Judge denied this request for entry of default, explaining, *inter alia*, that the proof Terrado submitted showed that certified mail had been sent to U.S. Bank prior to the Magistrate Judge authorizing such service. Dkt. No. 27. On October 31, 2018, Terrado filed a motion in which she stated that she was attempting to obtain relief for U.S. Bank's failure to answer or defend itself and appeared to attach a receipt showing that certified mail was sent to U.S. Bank on October 27, 2018. Dkt. No. 28. The Magistrate Judge denied that motion for the reasons in the record. Dkt. No. 29. On November 14, 2018, Terrado filed a motion in which she appeared to ask the Magistrate Judge to review a Federal Rule of Civil Procedure and a State statutory provision relevant to

---

[1] On July 17, 2018, the U.S. Magistrate Judge authorized Terrado to serve U.S. Bank by certified mail. Dkt. No. 15.

service.  Dkt. No. 30.  The Magistrate Judge denied that motion, construing it as a request for reconsideration of the Magistrate Judge's prior orders.  Dkt. No. 31.

A little over a month later, the Magistrate Judge vacated a scheduling conference because U.S. Bank had not appeared in this action, and instructed Terrado to file an appropriate request for entry of default, noting, *inter alia*, that Terrado's prior motion did not include a return receipt from U.S. Bank.  Dkt. No. 32.  A day later, on December 27, 2018, U.S. Bank appeared in this action by filing the Motion to Dismiss.  Dkt. No. 33.  A hearing was then set on the Motion to Dismiss for February 22, 2019 ("the Motion Hearing").  Dkt. No. 34.  On January 29, 2019, Terrado filed a "Motion to Strike Defendant[']s] Answer in the Alternative Enter Default Judgment" ("the First Motion to Strike").  Dkt. No. 38.  Other than the First Motion to Strike, Terrado did not file a response to the Motion to Dismiss.  U.S. Bank was ordered to respond to the First Motion to Strike by February 13, 2019, Dkt. No. 39, and, on February 14, 2019, U.S. Bank filed a response in opposition, Dkt. No. 40.[2]  As scheduled, the Motion Hearing took place on February 22, 2019.  Dkt. No. 42.  While counsel for U.S. Bank attended the Motion Hearing, Terrado did not appear, despite the Court attempting

---

[2]U.S. Bank filed a corrected response in opposition on February 15, 2019.  Dkt. No. 41.

to reach her at the telephone number listed on CM/ECF for her. *Id*. Finally, on February 25, 2019, Terrado filed a "Motion to Strike" U.S. Bank's response in opposition to the First Motion to Strike ("the Second Motion to Strike"). Dkt. No. 43.

## STANDARD OF REVIEW

### I. Subject Matter Jurisdiction

Here, U.S. Bank argues that the *Rooker-Feldman* doctrine prevents Terrado from bringing some or all of her claims. "The *Rooker-Feldman* doctrine recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments." *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)). The Court, therefore, construes this argument as one challenging the Court's subject matter jurisdiction, which is properly brought under Federal Rule of Civil Procedure 12(b)(1). *See* Fed.R.Civ.P. 12(b)(1) (concerning lack of subject matter jurisdiction); *see also Murray v. Dep't of Consumer & Bus. Services*, 2010 WL

3604657, at *9 n.4 (D.Or. Aug. 12, 2010) (applying Rule 12(b)(1) principles to a *Rooker-Feldman* argument).

When presented with an argument under Rule 12(b)(1), "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Where the court considers evidence outside the pleadings for this purpose, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*.

## II. Pro Se Status

Because Terrado is proceeding pro se, the Court liberally construes her filings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). With that in mind, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995).

A court, however, may deny leave to amend where, *inter alia*, further amendment would be futile. *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th

Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## DISCUSSION

U.S. Bank moves for dismissal of all causes of action asserted in the FAC with prejudice. It does so, in part, relying on the *Rooker-Feldman* doctrine. The Court addresses this issue first because it is jurisdictional. The Court then addresses any claims that are not barred by *Rooker-Feldman*.

**I.** *Rooker-Feldman*

The Ninth Circuit Court of Appeals has described the *Rooker-Feldman* doctrine as follows:

> *Rooker-Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments: If claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). "Essentially, the doctrine bars state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced from asking district courts to review and reject those judgments." *Henrichs v. Valley View*

*Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quotation omitted).  However, "[p]reclusion, not *Rooker-Feldman*, applies when a federal plaintiff complains of an injury that was not caused by the state court, but which the state court has previously failed to rectify."  *Id*. at 614 (quotation and internal quotation omitted).

Here, the causes of action asserted in the FAC concern, in all but one respect, the foreclosure of Terrado's property by U.S. Bank.[3]  Principally, through those causes of action, Terrado seeks to have the property returned to her and for U.S. Bank's ownership of the same to be nullified.  A problem for Terrado, in seeking such relief, is that a State court has already confirmed and approved the sale of the property to U.S. Bank.

Notably, attached to the Motion to Dismiss are various documents from a case before the First Circuit Court of the State of Hawaii.  Because these documents concern the property at issue in this case, they are from a judicial

---

[3]In the FAC, Terrado does not specifically identify her property, such as by providing its address. Instead, the FAC only alleges that the property at issue in this case is Terrado's home, and Terrado uses the property to provide care to the elderly.  FAC at ¶ 2.  In the Motion to Dismiss, U.S. Bank identifies a property at 91-545 Fort Weaver Road, Ewa Beach, Hawaii as the property at issue in this case.  Dkt. No. 33-1 at 2.  That level of specificity, though, is not contained in the FAC.  Nevertheless, the failure to specifically identify the subject property in the FAC is of no moment.  Notably, Terrado has never argued that the property identified in the Motion to Dismiss (and the documents attached thereto) is not the subject property of her FAC.  Given that the *Rooker-Feldman* analysis is one conducted under Rule 12(b)(1), and this Court may resolve factual disputes thereunder, the lack of a factual dispute on this issue provides the Court ample reason to find that the property at issue in the FAC is the property identified in the Motion to Dismiss and the documents attached thereto.

proceeding in the State of Hawaii, and there has been no dispute that the documents are from a relevant State case, the Court takes judicial notice of the documents from the First Circuit Court (Dkt. Nos. 33-4 to 33-11). *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (explaining that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (quotation omitted).

The case is *Carolina Domingo v. Estelita Tabisula Terrado*, S.P. No. 08-1-0202; a case in which U.S. Bank intervened. *See, e.g.*, Dkt. No. 33-11. Among other things in that proceeding, in November 2016, the First Circuit Court entered an Amended Order and an Amended Judgment approving and confirming the sale of Terrado's property to U.S. Bank by way of offset for amounts owing to U.S. Bank. Dkt. No. 33-10 at 4-5; Dkt. No. 33-11. The Amended Order further provided that, upon conveyance of the property to U.S. Bank, U.S. Bank would be entitled to immediate and exclusive possession of the property. Dkt. No. 33-10 at 6.

Generally, therefore, Terrado cannot now in this Court ask for the decision of the First Circuit Court to be effectively overturned by taking the property away from U.S. Bank and returning it to her. *See Bianchi*, 334 F.3d at 898.

Nonetheless, although Terrado has not filed a substantive response to the Motion to Dismiss, liberally construing the FAC, it suggests that the principal injury Terrado alleges (the loss of her home) was caused, at least in part, not by the First Circuit Court, but by U.S. Bank's conduct in "submitting false documents" and "interfer[ing] with [Terrado's] contract with the original bank[.]" FAC at ¶¶ 17, 20.[4]

In that regard, the Ninth Circuit has explained that, when the focus of a claim "is not on whether a state court committed legal error, but rather on a wrongful act by the adverse party," a claim may not be barred by *Rooker-Feldman*. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quotation omitted). However, the Ninth Circuit also explained that, when the alleged wrongful acts have already been addressed in State court, any claim focused upon them would still be barred by *Rooker-Feldman*. *Id*. at 859-860.

As an initial matter, the FAC's allegations concerning purported false documents and contract interference do not fall within the exception outlined above for wrongful acts. Instead, they represent an attempted end-run around the *Rooker-Feldman* bar by laying the blame for the First Circuit Court's orders and

---

[4]Terrado's "original bank" appears to be "BNC Mortgage." *See* FAC at ¶¶ 4, 6.

judgment on U.S. Bank with conclusory allegations that unidentified documents were false in some unspecified way or that a contract was interfered with in an unspecified manner. As discussed more below, these allegations go to the heart of the First Circuit Court's ruling that U.S. Bank was entitled to immediate and exclusive possession of the real property. The allegations are, thus, not the type that fall within the exception. *See Guinn v. Apartment Owners Ass'n of Makaha Valley Towers Bd. of Directors*, 2015 WL 855151, at *7 (D. Haw. Feb. 27, 2015) (explaining that the exception does not apply to fraud that "goes to the heart of the issues that were before the state court.").

In any event, even if the Court were willing to assume that the exception could be applicable, here, U.S. Bank's alleged wrongful acts of submitting false documents and interfering with Terrado's contract with her original bank (BNC Mortgage) were addressed by the First Circuit Court. Notably, the First Circuit Court found that the mortgage on the property had been assigned to U.S. Bank by the nominee for BNC Mortgage and U.S. Bank was entitled to foreclose on the property. *See* Dkt. No. 33-7 at 3 (¶ 3), 6 (¶ 4). The allegations were also addressed by the First Circuit Court, in confirming the sale of the property, when the judge found that U.S. Bank was entitled to immediate and exclusive possession of the same. *See* Dkt. No. 33-10 at 4 (¶ 8). Moreover, Terrado appeared at the

hearing on the motion for confirmation of sale. *Id*. at 2-3. As a result, in asserting claims focusing upon U.S. Bank allegedly submitting false documents and interfering with a contract, Terrado is still asking this Court to review the rulings of the First Circuit Court. Therefore, those claims are barred by *Rooker-Feldman*. *Reusser*, 525 F.3d at 860.

The same is true of Terrado's claims brought under the U.S. Constitution related to her home. These claims, framed as constitutional, likewise challenge the same First Circuit Court rulings described above. This Court is prohibited from such review of a State court decision. *See Feldman*, 460 U.S. at 483 n.16.

Terrado's claims related to her personal property are also barred by *Rooker-Feldman*. In the FAC, Terrado asks for an injunction directing U.S. Bank to pay her for any damage done to her furniture (as well as her home). FAC at ¶ 21. However, to the extent any damage has been done, it is an injury that flows from the judgment of the First Circuit Court approving the sale of the property to U.S. Bank. Notably, in the Amended Order approving the sale, the First Circuit Court ordered that U.S. Bank could dispose of any personal property remaining in Terrado's home. Dkt. No. 33-10 at 6 (¶ 7(b)). Thus, any damage to the real property or the personal property therein (such as Terrado's furniture) is irrelevant due to the First Circuit Court's Amended Order approving the sale of the real

property to U.S. Bank and authorizing U.S. Bank to dispose of any personal property therein. As a result, any claims in this regard are barred. *See Henrichs*, 474 F.3d at 613.[5]

The only claim asserted in the FAC that is not barred by the *Rooker-Feldman* doctrine is the second cause of action, which alleges that U.S. Bank's acts or omissions caused Terrado's aunt to fall when Terrado's furniture was removed from the property. Terrado alleges that removing the furniture caused her aunt to become disoriented and fall, U.S. Bank expected her 90-year-old aunt to sit on the ground, and U.S. Bank acted willfully and sadistically. Although any damage done to Terrado's furniture is of little consequence due to U.S. Bank being authorized by the First Circuit Court to dispose of it, the same cannot be said of any allegedly tortious conduct by U.S. Bank toward Terrado's aunt. In addition, based on the current record before this Court, U.S. Bank's allegedly tortious conduct has not been addressed by the First Circuit Court and it is not inextricably intertwined with any of the State court's rulings. As a result, the Court further addresses this claim below.

---

[5]The same is true for Terrado's request for an injunction "compensating" her for the "humiliation" of living in a friend's garage. *See* FAC at ¶ 22. The only reason Terrado is not living in her former property is due to the rulings, orders, and judgment of the First Circuit Court. Therefore, this request, whether it is viewed as injunctive or monetary, is also barred.

## II. Standing

In the Motion to Dismiss, U.S. Bank argues, among other things, that Terrado does not have standing to assert a claim based upon her aunt's fall. Dkt. No. 33-1 at 12-13. This Court agrees. Put simply, the FAC does not allege any injury that Terrado suffered traceable to the conduct alleged in the second cause of action.[6] As a result, she does not have standing to assert that claim, *see Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*, 528 U.S. 167, 180-181 (2000) (explaining that, to satisfy constitutional standing requirements, a plaintiff must, *inter alia*, show an injury in fact that is "fairly traceable to the challenged action of the defendant"), and thus, the claim must be dismissed due to a lack of subject matter jurisdiction, *see City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir. 2015) (stating that constitutional standing concerns a court's subject matter jurisdiction).

## III. No Leave to Amend

As mentioned earlier, leave to amend should not be allowed when amendment would be futile. Here, amendment of all of Terrado's claims would be futile. First, in light of the documents from the proceeding before the First

---

[6]Rather, the FAC alleges that Terrado's aunt suffered "head trauma and injuries." FAC at ¶ 14.

Circuit Court, none of Terrado's claims related to her real and personal property can be cured by amendment because they are foreclosed by the *Rooker-Feldman* doctrine. Second, amendment cannot cure Terrado's sole remaining claim, concerning her aunt's alleged fall, because Terrado has not suffered an injury in fact traceable to the alleged conduct. As a result, the Court declines to allow Terrado leave to amend the FAC.[7]

### IV. Dismissal is Without Prejudice

Because the Court has found, for various reasons, a lack of subject matter jurisdiction over each of Terrado's claims, dismissal is **without** prejudice. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction should be without prejudice so that a plaintiff may reassert [her] claims in a competent court.") (quotation and ellipsis omitted); *Albrecht v. Demuniz*, 315 F. App'x 654, 654 (9th Cir. 2009) ("Dismissals under the *Rooker-Feldman* doctrine and for lack of standing are dismissals for lack of subject matter jurisdiction, and thus should be without prejudice.") (citations omitted).

---

[7] The Court notes that Terrado has also not requested leave to amend the FAC.

15

## V. Terrado's Motions to Strike

In the First Motion to Strike, Terrado requests that "the defendant's answer" be stricken. It appears that Terrado believes the "answer" should be stricken because it was untimely. *See generally* Dkt. No. 38. The Court DENIES the First Motion to Strike. Principally, there is only one defendant in this case, U.S. Bank, and it has not filed an answer. Instead, as Federal Rule of Civil Procedure 12 allows, U.S. Bank filed the instant Motion to Dismiss. Because Terrado is proceeding pro se, to the extent her request to strike is directed toward the Motion to Dismiss, rather than an answer, the First Motion to Strike is still meritless, as Terrado provides no explanation as to why the Motion to Dismiss was untimely filed.[8]

In the Second Motion to Strike, Terrado appears to make two requests. "First and foremost," she appears to request that U.S. Bank's response in opposition to the First Motion to Strike be stricken. *See* Dkt. No. 43 at 1. Even if the Court were willing to assume that U.S. Bank's response was filed a day or

---

[8] The Court notes that, although it is difficult to decipher, in the First Motion to Strike, Terrado appears to assert that either an "answer" was filed on July 19, 2018, or U.S. Bank acknowledged receipt of service on July 19, 2018. *See* Dkt. No. 38. To the extent Terrado means the former, it is untrue–an answer has not been filed yet and the Motion to Dismiss was filed on December 27, 2018. To the extent Terrado means the latter, she cites to nothing in the record suggesting that U.S. Bank acknowledged receipt of service on July 19, 2018, two days after the FAC was filed.

16

two days after the deadline imposed, in light of the Court's ruling above that the First Motion to Strike is meritless, Terrado's first request in the Second Motion to Strike is moot. Terrado also appears to request entry of default judgment against U.S. Bank for purportedly taking six months to file an answer. *See id*. at 1-2. To the extent this is a regurgitation of the arguments in the First Motion to Strike, they are denied for the same reasons set forth above. To the extent Terrado raises any new arguments, they are, again, entirely unsupported by anything in the record. As a result, the Second Motion to Strike is DENIED, in part, and DENIED AS MOOT, in part.

## **CONCLUSION**

For the reasons set forth herein, U.S. Bank's Motion to Dismiss the First Amended Complaint, Dkt. No. 33, is GRANTED, and the claims in this case are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Terrado's First Motion to Strike, Dkt. No. 38, is DENIED, and Terrado's Second Motion to Strike, Dkt. No. 43, is DENIED in part and DENIED AS MOOT in part. The Clerk is instructed to enter Judgment, pursuant to this Order, in favor of

Defendant U.S. Bank National Association.   The Clerk is then instructed to close this case.

IT IS SO ORDERED.

DATED: March 8, 2019 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

___

*Estelita T. Terrado v. U.S. Bank National Association*;
Civil No. 18-00148 DKW-RLP; **ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND, AND (2) RULING ON PLAINTIFF'S MOTIONS TO STRIKE**